Laura Fleming, Bar No. 219287
lf@paynefears.com
Blake A. Dillion, Bar No. 305838
bad@paynefears.com
Jonathan A. Arjonilla, Bar No. 305866
jaa@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for ABM INDUSTRY GROUPS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| HEIDY VALERIANO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS LLC., a California Corporation; and CARLOS KINILLA, an individual; and WILLIAM DOE, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No. 4:24-cv-8117<br><br>[Removed from Alameda Superior Court Case No. 24CV095234]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441**<br><br>*[Filed concurrently with Declaration of Blake A. Dillion; Certification of Conflicts and Interested Entities or Persons; and Civil Case Cover Sheet]*<br><br>Trial Date:       None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF, AND HER COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant ABM Industry Groups LLC ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, on the ground that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and pursuant to Section 301 of the Labor Management Relations Act,

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

29 U.S.C. § 185(a) ("Section 301"), because Plaintiff's claims arise from the terms of the collective bargaining agreement between Defendant and the union that represents Plaintiff (the "CBA"), and also because such claims require analysis and interpretation of the CBA.

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

## TABLE OF CONTENTS

**Page**

I.   THE STATE COURT ACTION .................................................................................................1

II.  FEDERAL QUESTION JURISDICTION EXISTS UNDER SECTION 301 OF
     THE LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185(a) .........................2

     A.   Collective Bargaining Agreement At Issue...............................................................4

     B.   Plaintiff's Claims are Covered by the Grievance and Arbitration Provisions
          In The CBA, and Thus, Whether Plaintiff May Bring These Claims in Court
          Requires Interpretation of the CBA ..........................................................................5

     C.   The Court Must Analyze and Interpret the CBA to Determine if the CBA is
          Valid and Enforcable..................................................................................................7

III. REMOVAL OF THE ENTIRE ACTION IS PROPER PURSUANT TO 28 U.S.C.
     § 1367(a) ............................................................................................................................7

IV.  ALL PROPERLY SERVED DEFENDANTS HAVE JOINED THE REMOVAL .............9

V.   REMOVAL IS TIMELY ..................................................................................................10

VI.  ASSIGNMENT TO THE NORTHERN DISTRICT, OAKLAND DIVISION IS
     PROPER..............................................................................................................................10

VII. CONCLUSION ..................................................................................................................10

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

## TABLE OF AUTHORITIES

**Page(s)**

Cases

*Aguilera v. Pirelli Armstrong Tire Corp.*,
223 F.3d 1010 (9th Cir. 2000)................................................................................................ 3, 4

*Alcala v. Republic Bag, Inc.*,
2018 WL 1633588 (C.D. Cal. Apr. 3, 2018)................................................................................ 4

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) ................................................................................................................ 2, 3

*Audette v. Int'l Longshoremen's & Warehousemen's Union*,
195 F.3d 1107 (9th Cir. 1999) ..................................................................................................... 3

*Bloom v. Universal Studios, Inc.*,
734 F. Supp. 1553 (C.D. Cal. 1990)............................................................................................. 7

*Bricklayers Local 21 of Illinois Apprenticeship & Training Program v. Banner Restoration Inc.*,
385 F.3d 761 (7th Cir. 2004)........................................................................................................ 7

*Buck v. Cemex, Inc.*,
No. 1:13-cv-00701-LJO, 2013 WL 4648579 (E.D. Cal., Aug. 29, 2013)..................................... 6

*Burnside v. Kiewit Pac. Corp.*,
491 F.3d 1053 (9th Cir. 2007)................................................................................................... 3, 4

*City of Chicago v. Int'l Coll. of Surgeons*,
522 U.S. 156 (1997) ..................................................................................................................... 9

*Densmore v. Mission Linen Supply*,
164 F. Supp. 3d 1180 (E.D. Cal. 2016)........................................................................................ 4

*Franchise Tax Bd. of State of Cal. v. Constr. Lab. Vacation Tr. for S. Cal.*,
463 U.S. 1 (1983) ......................................................................................................................... 7

*Frieri v. Sysco Corp.*,
No. 16-CV-1432 JLS (NLS), 2016 WL 7188282 (S.D. Cal., Dec. 12, 2016) .............................. 4

*Hall v. Live Nation Worldwide, Inc.*,
146 F. Supp. 3d 1187 (C.D. Cal. 2015)........................................................................................ 4

*Kitzmann v. Loc. 619-M Graphic Commc'ns Conf. of Int'l Bhd. of Teamsters*,
415 F. App'x 714 (6th Cir. 2011)................................................................................................. 3

*Newberry v. Pacific Racing Ass'n*,
854 F.2d 1142 (9th Cir. 1988)...................................................................................................... 3

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*Reed v. Sandstone Properties, L.P.*,
  2013 WL 1344912 (C.D. Cal. Apr. 2, 2013)................................................................... 9

*Schlacter-Jones v. General Tel. of Cal.*,
  936 F.2d 435 (9th Cir. 1991)....................................................................................... 3

*Somers v. Digital Realty Trust, Inc.*,
  2015 WL 4481987 (N.D. Cal. July 22, 2015) ............................................................ 9

*Sprewell v. Golden State Warriors*,
  231 F.3d 520 (9th Cir. 2000)....................................................................................... 7

*United Mine Workers of America v. Gibbs*,
  383 U.S. 715 (1966) ................................................................................................... 8

*Wilson-Davis v. SSP America, Inc.*,
  434 F. Supp. 3d 806 (C.D. Cal. 2020)......................................................................... 6

*Wright v. Universal Mar. Serv. Corp.*,
  525 U.S. 70 (1998) ..................................................................................................... 6

Federal Cases

*Moreau v. San Diego Transit Corp.*,
  210 Cal. App. 3d 614 (1989)................................................................................ 2, 3

*Short v. Haywood Printing, Co., Inc.*,
  667 N.E.2d 209 (Ind. Ct. App. 1996)......................................................................... 7

Out of State Cases

28 U.S.C. § 1331 ....................................................................................................... 2

28 U.S.C. § 1367(a)................................................................................................. 7, 8

28 U.S.C. § 1441 ..................................................................................................... 10

28 U.S.C. § 1441(a)............................................................................................. 2, 10

28 U.S.C. § 1446 ..................................................................................................... 10

28 U.S.C. § 1446(a)................................................................................................. 10

28 U.S.C. § 1446(b) ................................................................................................. 10

28 U.S.C. § 1446(b)(2)(A) ......................................................................................... 9

28 U.S.C. § 1446(d) ................................................................................................. 10

28 U.S.C. § 84(c)(2) ............................................................................................... 10

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

29 U.S.C. § 185(a)............................................................................................................ 2

Statutes

Cal. Lab. Code § 203 ........................................................................................................ 1

Cal. Lab. Code § 226 ........................................................................................................ 1

Cal. Lab. Code § 226.7 ..................................................................................................... 1

Cal. Lab. Code § 512 ........................................................................................................ 1

State Statutes

Fed. R. Civ. P. 6(a)(1)(C) .............................................................................................. 10

Fed. R. Evid. 201(b)(2) .................................................................................................... 4

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

## I.    THE STATE COURT ACTION

1.    On or about Ocober 10, 2024, Plaintiff filed an action against Defendants entitled, "*Heidy Valeriano v. Defendant ABM Industries Groups LLC, Carlos Kinilla, and William Doe, and Does 1 to 50*" in the Superior Court of the State of California, County of Alameda, Case No. 24CV095234 (the "State Court Action"). (Declaration of Blake A. Dillion ["Dillion Decl."], ¶ 3.)

2.    In her Complaint, Plaintiff alleges eleven causes of action: (1) Sexual Harassment in Voliation of FEHA; (2) Sexual Orientation Discrimination in Violation of FEHA; (3) Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Battery; (6) Assault; (7) Failure to Provide Meal Periods in Violation of Cal. Lab. Code §§ 226.7 and 512; (8) Failure to Provide Rest Periods in Violation of Cal. Lab. Code § 226.7; (9) Failure to Pay at Termination in Violation of Cal. Lab. Code § 203; (10) Failure to Furnish Timely and Accurate Itemized Wage Statements in Violation of Cal. Lab. Code § 226; and (11) Constructive Wrongful Termination in Violation of Public Policy.

3.    Plaintiff served the Complaint on Defendant through its registered agent for service of process on or about October 17, 2024. True and correct copies of Plaintiff's Complaint, Summons, and Civil Case Cover Sheet that were served on Defendant are attached hereto collectively as **Exhibit "A."**  (*See* Dillion Decl., ¶ 3, Ex. A.)

4.    On or about October 10, 2024, the Superior Court issued an Alternate Dispute Resolution Packet. A true and correct copy of the Alternate Dispute Resolution Packet is attached hereto as **Exhibit "B."** (*See* Dillion Decl., ¶ 4, Ex. B.)

5.    On or about October 10, 2024, the Superior Court issued a Notice of Case Assignment – Unlimited Civil Case. A true and correct copy of the Notice of Case Assignment – Unlimited Civil Case is attached hereto as **Exhibit "C."** (*See* Dillion Decl., ¶ 5, Ex. C.)

6.    On or about October 10, 2024, the Superior Court issued a Notice of Case Management Conference. A true and correct copy of the Notice of Case Management Conference is attached hereto as **Exhibit "D."** (*See* Dillion Decl., ¶ 6, Ex. D.)

7.    On or about October 17, 2024, Plaintiff filed a Proof of Personal Service. A true and correct copy of the Proof of Personal Service is attached hereto as **Exhibit "E."** (*See* Dillion

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Decl., ¶ 7, Ex. E.)

8.    On or about November 18, 2024, Defendant filed its Answer to the Complaint. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "F."** (*See* Dillion Decl., ¶ 8, Ex. F.)

9.    Exhibits "A" through "F" hereto constitute the pleadings, process, and orders, either filed but not served, or filed and served, upon or by Plaintiff and/or Defendants in the State Court Action.  Exhibits "A" through "F" are attached hereto as part of the Index of Exhibits.

## II.    FEDERAL QUESTION JURISDICTION EXISTS UNDER SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT, 29 U.S.C. § 185(a)

10.    This action arises under the laws of the United States, and Defendants are authorized to remove this action to this Court pursuant to Section 301, because Plaintiff has filed an action that arises from, and that requires the interpretation and application of, the terms of a collective bargaining agreement.

11.    "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Any such action may be removed to the district court if it is originally filed in a state court.  28 U.S.C. § 1441(a).

12.    Removal on such "federal question" grounds is proper even if the parties are not of diverse citizenship, and without regard to the amount in controversy. 28 U.S.C. §§ 1331, 1332(a), 1441(a)-(b).

13.    It is well-established that Section 301 preempts and replaces all state-law causes of action that arise from the terms of a collective bargaining agreement or that require the court to interpret or apply such terms. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Moreau v. San Diego Transit Corp.*, 210 Cal. App. 3d 614, 622 (1989); see 29 U.S.C. § 185(a).[1]  "The

_____

[1] Section 301(a) provides: "Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

preemptive force of Section 301 is so powerful that it displaces entirely . . . any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988). Accordingly, "claims that implicate a collective bargaining agreement must be construed as a § 301 claim and adjudicated under federal labor law or be dismissed as preempted." *Schlacter-Jones v. General Tel. of Cal.*, 936 F.2d 435, 439 (9th Cir. 1991) *abrogated on other grounds by Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683 (9th Cir. 2001); *Kitzmann v. Loc. 619-M Graphic Commc'ns Conf. of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 717 (6th Cir. 2011) (explaining that when "resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law.") (*Allis-Chalmers Corp.*, 471 U.S. at 220).

14.     Both federal and California courts have recognized that Section 301 serves the compelling purpose of avoiding inconsistencies in the interpretation of labor contracts:

> In order to achieve uniformity in the interpretation of such agreements and consistent resolution of labor-management disputes, federal law governs such suits whether brought in state or federal court. *In order to assure this uniformity, the preemptive strength of Section 301 is extraordinarily strong.*

*Moreau*, 210 Cal. App. 3d at 622 (emphasis added); *Schlacter-Jones*, 936 F.2d at 439, n.3 ("national labor policy requires that the collective bargaining relationship be defined by the application of an evolving uniform federal law"). Accordingly, Plaintiff's state law claims are necessarily preempted if they arise from, or if their adjudication would require this Court (or the trier of fact) to interpret the provisions of, the CBA. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000) ("Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement."); *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1112 (9th Cir. 1999) ("where the position in dispute is 'covered by the CBA, the CBA controls and any claims seeking to enforce the terms of [an agreement] are preempted.'")

15.     The Ninth Circuit has articulated a two-part test used to determine whether a cause of action is preempted by Section 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

Cir. 2007). First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.* at 1059. If the right exists solely as a result of the CBA, then the claim is preempted, and the court's analysis ends. *Id.* If, however, the right exists independently of the CBA, the court must still consider whether resolving the dispute is nevertheless "substantially dependent on analysis of a collective bargaining agreement." *Id.* If such dependence exists, then the claim is preempted by Section 301. *Id.* at 1060.

16.    As further discussed below, under the Ninth Circuit rule, Plaintiff's state law claims are necessarily preempted since they arise solely from the CBA <u>and</u> because the adjudication would require this Court (or the trier of fact) to interpret the provisions of the CBA. *See Aguilera*, 223 F.3d at 1014 ("Section 301 of the LMRA preempts state law that are based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement").

A.    <u>Collective Bargaining Agreement At Issue</u>

17.    Throughout the relevant time period of Plaintiff's employment with ABM, Plaintiff was a member of SEIU USWW, United Service Workers-West, SEIU, CTW (the "Union"). (*See* Declaration of Rashida Green ["Green Decl."], ¶ 4.) Plaintiff's employment was thus governed by the collective bargaining agreement between the Union and Defendant entitled "Northern California Maintenance Contractors Agreement with SEIU USWW, United Service Workers-West, SEIU, CTW," effective May 1, 2020 through April 30, 2024 (the "CBA"). (*Id.* at ¶ 4, Ex. A.)[2]

---

[2] A court may take judicial notice of a fact that is not reasonably disputed if it "can accurately and readily be determined from sources whose accuracy cannot be reasonably questioned." Fed.R.Evid. 201(b)(2). CBAs are considered proper material for judicial notice. *See Hall v. Live Nation Worldwide, Inc.*, 146 F. Supp. 3d 1187,1193-94 (C.D. Cal. 2015); *Alcala v. Republic Bag, Inc.*, No. EDCV 18-272 JGB (SHKx), 2018 WL 1633588, at *1 n.2 (C.D. Cal. Apr. 3, 2018) (granting a request for judicial notice of a CBA in considering a motion to remand, which addressed § 301 preemption); *Densmore v. Mission Linen Supply*, 164 F. Supp. 3d 1180, 1187 (E.D. Cal. 2016) (granting a request for judicial notice of three CBAs brought in conjunction with a motion to dismiss but then also relying upon the CBAs in simultaneously addressing a motion to remand, which addressed § 301 preemption); *Frieri v. Sysco Corp.*, No. 16-CV-1432 JLS (NLS),

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

18.    Article XVII of the CBA establishes a grievance and arbitration procedure for the resolution of employment disputes, including disputes concerning the interpretation or implementation of the CBA. (Green Decl., Ex. A, pp. 21-23.) Article XVI of the CBA establishes a right to rest periods, the frequency and the duration of rest periods. (Green Decl., Ex. A, p. 30.) Article XVI of the CBA also establishes hours of work for covered employees. (Green Decl., Ex. A, p. 29.) Article VIII of the CBA and Appendix G-2 establishes wage rates for covered employees. (Green Decl., Ex. A, pp. 12-14, 132-137.) Article I and Appendix G-1. covers non-discrimination, anti-harassment, and anti-retaliation policies. (Green Decl., Ex. A, pp. 2-3, 128-131.) The CBA generally establishes the working conditions of the employees. (*See generally* Green Decl., Ex. A.)

19.    Article XXXI of the CBA establishes maintenance of working conditions and the procedure to be followed if the Employer desires to lay off, speed up or change the hours or starting and quitting time of any employee or employees or reduce staffing. (Green Decl., Ex. A, pp. 43-46.)

**B.    <u>Plaintiff's Claims are Covered by the Grievance and Arbitration Provisions In The CBA, and Thus, Whether Plaintiff May Bring These Claims in Court Requires Interpretation of the CBA</u>**

20.    Articles XVII-XVIII and Appendix G-2 of the CBA also establishes a specific and detailed collectively bargained grievance and arbitration procedure, "Wage and Hour Protocol" as "**the sole and exclusive method**" of resolving the precise California wage and hour claims now being asserted by Plaintiff in this action. (Emphasis added; Green Decl., ¶ 4, Ex. A at pp. 21-25, 132-137.)

21.    More specifically, Article XVII of the CBA states, in part, that "[a]ny difference between the Employer and the Union involving the meaning or application of the provisions of this Agreement shall constitute a grievance and shall be taken up in the manner set forth in this

2016 WL 7188282, at *2 (S.D. Cal., Dec. 12, 2016).

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

section." (Green Decl., ¶ 4, Ex. A at p. 21)  Appendix G-2 entitled "Wage and Hour Protocol," contains an additional six pages laying out a detailed grievance and arbitration procedure that is to govern "**all claims alleging violations of wage and hour and/or meal and rest period laws**, including but not limited to claims based on the federal Fair Labor Standards Act, the California Labor Code, or any similar local law, ordinance or policy (collectively 'Covered Claims')." (Emphasis added; Green Decl., ¶ 4, Ex. A; at p. 132.)

22.     Appendix G-2 also explicitly states that "the parties establish the following system of mediation and arbitration to be **the sole and exclusive method of resolving all Covered Claims, whenever they arise**."  (Emphasis added; Green Decl., ¶ 4, Ex. A; at pp. 132.)  A detailed **mandatory and exclusiv**e **mediation and arbitration protocol** is set forth in the CBA that must be adhered to by the employee, including binding arbitration conducted before the American Arbitration Association ("AAA").  (*See* Green Decl., ¶ 4, Ex. A; at pp. 132-137.)  The Wage and Hour Protocol also states that it is to be governed under the Federal Arbitration Act ("FAA").  (Green Decl., ¶ 4, Ex. A; CBA at p. 135.)

23.     Where the CBA includes an explicit grievance procedure that contains clear and unmistakable language that claims be brought through the grievance process, Section 301 is implicated and provides a basis for federal question removal.  *See Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 80-81 (1998); *Wilson-Davis v. SSP America, Inc.*, 434 F. Supp. 3d 806, 817 (C.D. Cal. 2020); *Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO, 2013 WL 4648579, at *6-7 (E.D. Cal., Aug. 29, 2013) (denying remand and finding that CBA grievance procedures resulted in state law claims that were preempted under Section 301).

24.     As explained above, the CBA here includes an explicit procedure with clear and unmistakable language that claims be brought through the grievance process.  Indeed, the CBA outlines the grievance procedure in detail and states that the grievance process is the "sole and exclusive method" of resolving Plaintiff's specific claims.  (*See* Green Decl., ¶ 4, Ex. A at pp. 21-25, 132-137.)

25.     Plaintiff's Complaint is therefore preempted by Section 301 because resolution of her claims depends on the agreement in the CBA to follow and exhaust the mediation and

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

arbitration procedures for resolution of alleged state law wage and hour violations and her state law discrimination, retaliation and harassment allegations, which inherently depends upon an interpretation of the CBA. *See Franchise Tax Bd. of State of Cal. v. Constr. Lab. Vacation Tr. for S. Cal.*, 463 U.S. 1, 23 (1983) (explaining that Section 301 claims are "purely a creature of federal law"); *Sprewell v. Golden State Warriors*, 231 F.3d 520, 529 (9th Cir. 2000), *opinion withdrawn and superseded on reh'g*, 266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (holding that state claims are preempted by Section 301 when they involve an analysis of whether the employer conformed with a collective-bargaining agreement).

**C.    The Court Must Analyze and Interpret the CBA to Determine if the CBA is Valid and Enforcable**

26.    Plaintiff's rest period claims, and whether she may even bring any of her claims in this court or if they must be submitted to binding arbitraton, depend on whether the CBA between ABM and the Union is valid.

27.    "Determining the validity and enforceability of a contract, here the CBA … would require [the court] to interpret its terms." *Short v. Haywood Printing, Co., Inc.*, 667 N.E.2d 209, 212 (Ind. Ct. App. 1996); *see also, Bricklayers Local 21 of Illinois Apprenticeship & Training Program v. Banner Restoration Inc.*, 385 F.3d 761, 767-768 (7th Cir. 2004) (federal court case determining the enforceability of a collective bargaining agreement) and *Bloom v. Universal Studios, Inc.*, 734 F. Supp. 1553, 1559 (C.D. Cal. 1990) (same). Thus, when analyzing whether Plaintiff's meal and rest break claims are rights under the CBA and whether Plaintiff can even ajudicate any of her claims in court, the Court must analyze the enforcability and validity of the CBA.

28.    For this additional reason, this Court has federal question jurisdiction because Plaintiff's Complaint requires the Court to deteremine if the CBA is valid, and then, to interpret the CBA.

**III.    REMOVAL OF THE ENTIRE ACTION IS PROPER PURSUANT TO 28 U.S.C. § 1367(a)**

29.    This Court has supplemental jurisdiction over any of Plaintiff's remaining state law

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

claims because the remaining claims all relate to Plaintiff's employment with Defendant, are based on the same facts, events, transactions and occurrences as Plaintiff's Seventh through Tenth causes of action for Labor Code violations (as set forth above) and, therefore, are related so as to "form part of the same case and controversy." 28 U.S.C. § 1367(a). Supplemental jurisdiction is proper if the causes of action in question "derive from a common nucleus of operative fact," such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

30.    In this case, all of Plaintiff's claims arise directly out of the same "common nucleus of operative facts," because they all relate to Plaintiff's employment with Defendant. (*See* Complaint, ¶¶ 16-56). Thus, Plaintiff's claims would normally be tried in a single judicial proceeding. The entire action is therefore removable under this Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a):

1. Plaintiff's First Cause of Action for Sexual Harassment in Violation of the FEHA, Second Cause of Action for Sexual Orientation Discrimination in Violation of the FEHA, Third Cause of Action for Failure to Prevent Discrimination, Harassment, or Retaliation in Violation of the FEHA, Fourth Cause of Action for Retaliation in Violation of FEHA, and Eleventh Cause of Action for Constructive Wrongful Temination in Violation of Public Policy arise out of the same facts as her Seventh, Eighth, Ninth, and Tenth Causes of Action, because they all arise out of Plaintiff's employment with Defendant. Specifically, Plaintiff alleges Defendant discriminated and retaliated against her in violation of FEHA based on her sex/sexual orientation and that her sex/sexual orientation was a substantial motivating reason in Defendant's decision to constructively terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment action against Plaintiff. (*See* Complaint, ¶¶ 58-89, 124-128.)

2. Plaintiff's Fourth Cause of Action for Battery and Fifth Cause of Action for Assault arise out of the same facts as her Seventh, Eighth, Ninth, and Tenth Causes of Action, because they all arise out of Plaintiff's employment with Defendant. Specifically, Plaintiff alleges

PAYNE & FEARS LLP

Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

that Defendant acted with the wrongful intention of harming, offending, and/or causing harmful contact against Plaintiff during the courrse of her employment with Defendant. (*See* Complaint, ¶¶ 90-104.)

31.     Moreover, as the Supreme Court has noted, when deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997).

32.     Here all three factors weigh in favor of supplemental jurisdiction.  First, litigating *all* of Plaintiff's claims in federal court is the most efficient (judicially economic) option. *See Somers v. Digital Realty Trust, Inc.*, 2015 WL 4481987, at *4 (N.D. Cal. July 22, 2015) (holding that requiring Plaintiff to concurrently litigate similar causes of action in State Court and Federal Court would not be efficient or fair).

33.     Second, litigating this matter in Federal Court in the city of Oakland (the neighboring city in which the State Court Action was filed, Hayward) would not create an inconvenient result. *See Reed v. Sandstone Properties, L.P.*, 2013 WL 1344912, at *10 (C.D. Cal. Apr. 2, 2013) (no inconvenience where State and Federal Court reside in the same city).

34.     Third, the issue of comity does not tip the balance in favor of declining supplemental jurisdiction. There are no "important unsettled issues of California law" to be decided, and this Court's decision as to any of Plaintiff's causes of actions will not step on the toes of any state court interpretations of her state law claims.

35.     Accordingly, supplemental jurisdiction over the state law claims is proper.

**IV.    ALL PROPERLY SERVED DEFENDANTS HAVE JOINED THE REMOVAL**

36.     All properly served defendants have joined this removal.  *See* 28 U.S.C. § 1446(b)(2)(A).

37.     Although Plaintiff's Complaint named ABM, Carlos Kinilla and William Doe as Defendants in this action, Mr. Kinilla and Mr. Doe have not been served with the summons and complaint.  (Dillion Decl. ¶ 9.)  Thus, Mr. Kinilla and Mr. Doe do not need to join this removal.

---

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

## V.   REMOVAL IS TIMELY

38.   Pursuant to 28 U.S.C. § 1446(b), this case is being removed within thirty (30) days of the time when Defendant first became aware that it was removable.  *See* 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."). In this case, the time for removal started on October 17, 2024 – the date the Complaint was served on Defendant.

39.   Accordingly, removal of the action within thirty days of Defendant being served with the Complaint in the State Court Action is timely. *See* Fed. R. Civ. P. 6(a)(1)(C).

## VI.   ASSIGNMENT TO THE NORTHERN DISTRICT, OAKLAND DIVISION IS PROPER

40.   The United States District Court for the Northern District of California, Oakland Division is the federal judicial district and division in which the Alameda County Superior Court sits.  This action was originally filed in Alameda County Superior Court, rendering venue in this federal judicial district and division proper.  28 U.S.C. § 84(c)(2); *see also* 28 U.S.C. §§ 1441(a), 1446(a).

41.   Upon filing the Petition and Notice of Removal, Defendant will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Alameda County Superior Court, pursuant to 28 U.S.C. § 1446(d).

## VII.   CONCLUSION

42.   Defendant removes this action to this Court on the basis that Plaintiff's claims raise questions of, and are preempted by, federal law. Federal jurisdiction exists as a result. Moreover, although some of the state law claims are not directly based on federal law, they nevertheless share a common nucleus of operative facts with the federal claims. Therefore, Defendant removes this entire action under 28 U.S.C. §§ 1331, 1441, and 1446.

43.   WHEREFORE, Defendant hereby respectfully requests that this Court exercise its removal jurisdiction over this action and remove this action from the Superior Court of California in and for the County of Alameda to this United States District Court.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DATED:  November 18, 2024

PAYNE & FEARS LLP
Attorneys at Law

By: _____
LAURA FLEMING
BLAKE A. DILLION
JONATHAN A. ARJONILLA

Attorneys for ABM INDUSTRY GROUPS LLC

4874-2433-2791.7

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION

**INDEX OF EXHIBITS**

**EXHIBIT NO.**                **DESCRIPTION**

"A"    Class Action Complaint, Summons, and Civil Case Cover Sheet filed in *Heidy Valeriano v. Defendant ABM Industries Groups LLC, Carlos Kinilla, and William Doe, and Does 1 to 50*" in the Superior Court of the State of California, County of Alameda, Case No. 24CV095234.

"B"    Alternate Dispute Resolution Packet.

"C"    Notice of Case Assignment.

"D"    Notice of Case Management Conference.

"E"    Proof of Personal Service of Summons and Complaint.

"F"    Defendant's Answer to Plaintiff's Complaint.

"G"    Register of Actions for Case No. 24CV095234.

4874-2433-2791.

PAYNE & FEARS LLP
Attorneys at Law
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION